UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROUEGE TRUCKING, LLC,**

v.

| | |
|---|---|
| **SHAWN CANALES, INDIVIDUALLY AND IN HIS CAPACITY OF AN INSURANCE AGENT AND PRODUCER, d/b/a B&D INSURANCE SERVICES, INC.; AIG PROPERTY CASUALTY INSURANCE AGENCY, INC. (formerly known as CHARTIS INSURANCE COMPANY); AXIS INSURANCE COMPANY, INC.; and ABC INSURANCE COMPANY** | **CIVIL ACTION**<br><br>**NO.: 14-304-JJB-RLB** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 11, 2014.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROUEGE TRUCKING, LLC,

v.

| | |
|---|---|
| SHAWN CANALES, INDIVIDUALLY AND IN HIS CAPACITY OF AN INSURANCE AGENT AND PRODUCER, d/b/a B&D INSURANCE SERVICES, INC.; AIG PROPERTY CASUALTY INSURANCE AGENCY, INC. (formerly known as CHARTIS INSURANCE COMPANY); AXIS INSURANCE COMPANY, INC.; and ABC INSURANCE COMPANY | CIVIL ACTION<br><br>NO.: 14-304-JJB-RLB |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 11). The motion is opposed by Defendant Axis Insurance Company. (R. Doc. 13). Plaintiff has filed a reply (R. Doc. 21) and Axis Insurance Company has filed a surreply (R. Doc. 32). Plaintiff has also moved for Rule 11 sanctions. (R. Doc. 28), which is opposed by Axis Insurance Company (R. Doc. 30).

### I.   BACKGROUND

This is an insurance action. On April 8, 2014, Rouege Trucking, LLC ("Plaintiff")[1] filed this action in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana ("State Court"), naming as defendants Shawn Canales, individually ("Canales"), and in his capacity as an insurance agent and producer d/b/a B&D Insurance Services, Inc. ("B&D"), AIG Property Casualty Insurance Agency, Inc. (formerly known as Chartis Insurance Company) ("AIG"), Axis Insurance Services, LLC, and the fictitious ABC Insurance Company (collectively, "Defendants") (R. Doc. 1-4 at 6-11, "Petition"). On April 11, 2014, Plaintiff

---
[1] Plaintiff appears to be wholly owned by an individual named Michael Rouege.

named Axis Insurance Company, Inc. ("Axis")[2] as defendant in place of Axis Insurance Services, LLC. (R. Doc. 1-4 at 19-21, "First Amended Petition").[3]

Plaintiff is a trucking carrier which contracted to deliver 41,700 lbs. of frozen chicken from Mississippi to New Jersey for C.H. Robinson. (Petition, ¶ 3). Sanderson Farms shipped the chicken from Mississippi and PFG AFI Food Service received the chicken in New Jersey. Plaintiff alleges that prior to delivery of the frozen chicken, the delivery truck's refrigeration unit failed causing the frozen chicken to spoil. (Petition, ¶ 4). Plaintiff submitted a claim to AIG, its cargo insurance provider. (Petition, ¶¶ 7-8). According to Plaintiff, the claim "was delayed and ultimately denied through the course of numerous discussions between Michael Rouege and Shawn Canales, the producer, owner and incorporator of B&D." (Petition, ¶ 9). The claim was then referred to B&D's errors and omissions ("E&O") carrier, Axis. (Petition, ¶ 9). According to Plaintiff, its claim remains denied by B&D, AIG, and Axis. (Petition, ¶ 9). Plaintiff has alleged breach of contract and is seeking recovery for economic losses resulting from the breach, including $111,194.05 in premiums allegedly paid toward insurance coverage. (Petition, ¶ 13).

Axis removed the action on May 16, 2014. (R. Doc. 1). Axis alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Axis claims that at the time of removal the only defendant who had been served was AIG, which Axis states consented to removal. (R. Doc. 1 at 5).

Also on May 16, 2014, the Plaintiff filed a "Second Supplemental and Amending Petition," which reduced the amount of premium payments sought to be recovered to $10,108.55

---

[2] Axis states that its actual corporate name is Axis Insurance Company. (R. Doc. 1).

[3] Other than substituting Axis as a Defendant, the First Amended Petition does not change the bases of Plaintiff's factual and legal allegations in the original Petition. Accordingly, reference to the First Amended Petition in this Order includes the factual and legal allegations as stated in the original Petition.

and stipulated that the amount in controversy has not been satisfied. (R. Doc. 11-3, "Second Amended Petition").

On May 29, 2014, Plaintiff moved to remand his suit to State Court on procedural and jurisdictional grounds. (R. Doc. 11).

## II.     ARGUMENTS OF THE PARTIES

In support of remand, Plaintiff argues that the removal is procedurally defective because (1) Axis's filing of the Notice of Removal was untimely; (2) AIG's filing of its consent to removal was untimely, and (3) Axis's notice to the State Court of the removal was untimely. (R. Doc. 11-1 at 4-9). More specifically, Plaintiff argues that under the "first-served" defendant rule, removal would only be timely if Axis filed its removal, AIG consented to removal, and Axis provided the State Court with its notice of the removal within 30 days of April 17, 2014, when AIG became the first-served defendant in the action. Plaintiff argues that removal was untimely because AIG did not file its consent to removal, and Axis did not notify the State Court of the removal, until May 19, 2014. (R. Doc. 11-1 at 6-9).

Plaintiff also argues that removal is improper because the amount in controversy requirement has not been satisfied. Plaintiff claims that because it filed the Second Amended Petition the same day that Axis removed the action, and prior to when the State Court was notified of the removal, the Second Amended Petition was the operative pleading at the time of removal. (R. Doc. 11-1 at 9). Plaintiff argues that the amount in controversy is not satisfied under the Second Amended Petition, which reduced the amount of premium payments sought to be recovered and stipulated that the amount in controversy has not been satisfied. (R. Doc. 11-1 at 9).

In response to Plaintiff's procedural arguments, Axis argues that the "first-served" defendant rule has been statutorily overruled by the Federal Courts Jurisdiction and Venue Clarification Act of 2011. (R. Doc. 14 at 6-7). Based on the "last-served" defendant rule, Axis argues that it has properly removed the action within thirty days of April 24, 2014, the date on which Plaintiff formally served Axis with the Petition and the First Amended Petition. (R. Doc. 14 at 6). Axis acknowledges that it received informal copies of the initial pleadings on April 9, 2014, but claims that the receipt of those undated courtesy copies of the pleadings did not trigger the thirty-day removal deadline. (R. Doc. 14 at 5-6).

Axis further argues that the amount in controversy requirement has been satisfied. (R. Doc. 14 at 9-14). Axis argues that the operative pleading at the time of removal was the First Amended Petition, including the factual and legal allegations as stated in the original Petition. (R. Doc. 14 at 10-12). Axis argues that because it had not been served or notified of Plaintiff's Second Amended Petition prior to the filing of its Notice of Removal, that pleading was not the operative pleading. (R. Doc. 14 at 10-11). Axis then argues that regardless of whether the Court accepts the Second Amended Petition as the operative pleading, the amount in controversy requirement has been satisfied. (R. Doc. 14 at 10-14).

Plaintiff also argues that Rule 11 sanctions are justified because Axis misleadingly informed the court that Plaintiff had not filed its Second Amended Petition when Axis notified the State Court of its filing of the Notice of Removal in federal court. (R. Doc. 28 at 2). Axis responded by explaining that it faxed its "Notice of Filing Notice of Removal" to state court on May 16, 2014, but received a return fax with instructions to counsel to re-fax the document to a different fax number at the State Court. (R. Doc. 30 at 1-2). Axis sent this second fax on May 19, 2014. (R. Doc. 30 at 2). It is Axis's position that the state court received actual notice of the

removal on May 16, 2014, the same day that Axis filed its Notice of Removal in federal court and Plaintiff filed its Second Amended Petition in State Court.

## III. LAW & ANALYSIS

### A. Motion for Remand

#### 1. Timely Removal and Consent to Removal

Under 28 U.S.C. § 1446(b)(1), the removal of a case is timely if it is filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .". Interpreting the "service or otherwise" language of Section 1446(b)(1), the Supreme Court has held that the thirty-day period for removal is "triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (internal quotation marks omitted) (faxing a copy of the complaint to an opposing party is insufficient to trigger the time to remove a suit to federal court).

In cases with multiple defendants, the Fifth Circuit Court of Appeals traditionally followed the first-served defendant rule, under which all of the defendants needed to join in the removal within thirty days of the date that the first defendant was served. *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988). But, pursuant to a 2011 statutory amendment adopting the last-served rule, § 1446(b)(2)(B) now states that each defendant has "30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."[4]

---

[4] The Federal Courts Jurisdiction and Venue Clarification Act took effect on January 6, 2012.

Congress also codified the "rule of unanimity" in revising § 1446. *See*, *e.g.*, *Penson Fin. Servs., Inc. v. Golden Summit Investors Grp., Ltd.*, No. 12–300, 2012 WL 2680667, at *5 (N.D. Tex. July 5, 2012). Section 1446(b)(2)(A) states that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court." Section 1446(b)(2)(C) states that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removable." The earlier-served defendant must consent to removal prior to the expiration of the later-served defendant's thirty-day deadline to remove the action. *Andrews v. AMERCO*, 920 F. Supp. 2d 696, 702 (E.D. La. 2013).

Plaintiff argues that both the filing of Axis's Notice of Removal (R. Doc. 1) and AIG's Notice of Consent to Removal (R. Doc. 2) were untimely. It is undisputed that Plaintiff served Axis with the Petition and First Amended Petition on April 24, 2014.[5] Axis filed its Notice of Removal on May 16, 2014. AIG filed its consent to removal on May 19, 2014. Both of these filings were timely because they were within 30-days of the service of Axis, the last-served defendant.

### 2. The Operative Pleadings

To effectuate removal, the removing party must "promptly" file notice of removal in state court:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

---

[5] Plaintiff sent the pleadings to Axis by certified mail on April 22, 2014, and Axis received the pleadings on April 24, 2014. (R. Doc. 14-10 at 2).

28 U.S.C. § 1446(d). Pursuant to Section 1446(d), the state court loses jurisdiction, and the federal court gains exclusive jurisdiction, when the removing defendants file a copy of the notice of removal with the state clerk of court. The Fifth Circuit has interpreted Section 1446 as ending a state court's jurisdiction once the state court has actual or constructive notice of the removal. *See Medrano v. Texas*, 580 F.2d 803 (5th Cir. 1978) (state court's constructive notice of petition of removal is sufficient to deprive it of jurisdiction despite defendant's failure to file copy of notice of removal in state court); *Adair Pipeline Co. v. Pipeliners Local Union,* 325 F.2d 206 (5th Cir. 1963) (handing state judge notice of removal in open court provides notice of the removal to the state court even if the defendant has not filed notice of the removal with the state clerk of court). Furthermore, if the removing defendants provide notice to the plaintiffs of the removal, and the plaintiffs subsequently participate in state court proceedings, the court will presume that constructive notice of the removal to the state court was accomplished because the plaintiffs have a duty to advise the state court of the removal. *See Dukes v. S. Carolina Ins. Co.,* 770 F.2d 545, 547 (5th Cir. 1985) (presuming that the plaintiffs "properly discharged their duty to the state court and advised the court of the removal" where defendants notified plaintiffs of the removal and maintained that they sent a copy of the removal petition to the state court clerk, but the state court record did not reflect the receipt of a copy of the petition).

Here, Plaintiff argues that Axis did not provide timely notice of the removal to the State Court. Plaintiff bases this argument on the fact that the State Court did not docket Axis's notice of the removal until September 19, 2014, three days after Axis filed its Notice of Removal. Standing alone, this argument of untimely notice to the State Court fails. Even if Axis provided the State Court with notice on Monday, September 19, 2014, such notice would likely be "prompt" considering that the Notice of Removal was filed on a Friday afternoon.

7

The real issue before the Court is whether Axis notified the State Court of its filing of the Notice of Removal prior to Plaintiffs' filing of the Second Amended Petition in State Court. Because notice to the State Court effectuates removal, if Axis notified the State Court of the removal prior to Plaintiff's filing of the Second Amended Petition, then the operative pleading would remain the First Amended Petition, including the factual and legal allegations as stated in the original Petition.

The record shows that Axis provided the State Court with notice of its filing of the Notice of Removal on the same day as the removal. Axis filed its Notice of Removal on May 16, 2014 at 1:24 p.m. (R. Doc. 1). Axis then sent a fax to the State Court providing notice of the filing of the Notice of Removal on May 16, 2014 at 1:32 p.m.. (R. Doc. 14-13 at 12). Axis also provided Plaintiff with a courtesy copy of the Notice of Removal on May 16, 2014 at 1:45 p.m. (R. Doc. 14-15). Axis then provided Plaintiff with evidence that it faxed the State Court notice of the removal at 1:59 p.m. on May 16, 2014. (R. Doc. 14-16). Only after being notified of the removal and that Axis had notified the State Court of the removal, did the Plaintiff file his Second Amended Petition in State Court at 2:35 p.m. on May 16, 2014. (R. Doc. 11-4 at 4). Plaintiff provided a courtesy copy of the Second Amended Petition to Axis on May 16, 2014 at 4:25 p.m. (R. Doc. 14-16). Axis's notice of the removal to the State Court was docketed on May 19, 2014. (R. Doc. 11-4 at 4). It is unclear from the record when Axis was served with the Second Amended Petition filed in State Court.

The foregoing timeline of events makes it clear that Axis effectuated removal to federal court prior to Plaintiff's filing of the Second Amended Petition in the State Court. The State Court received actual notice of the removal when it received Axis's fax on May 16, 2014. Actual notice is not vitiated because the State Court requested Axis to resubmit the notice to a

different fax number. If anything, the request to resubmit the notice to a different fax number evidences actual notice of the receipt of the fax sent on May 16, 2014. In addition, Plaintiff filed the Second Amended Petition with actual knowledge of the removal. The Court will presume that the Plaintiff "properly discharged [its] duty to the state court and advised the court of the removal" prior to filing the Second Amended Petition. *See Dukes v. S. Carolina Ins. Co.*, 770 F.2d 545, 547 (5th Cir.1985). Because the Second Amended Petition was filed in State Court after removal was effectuated, that filing has no legal effect on this proceeding.

In summary, Axis that provided the State Court with actual and constructive notice of the removal prior to Plaintiff's filing of the Second Amended Petition in State Court. Removal to federal court was effectuated prior to the Plaintiff's filing of the Second Amended Petition in State Court. According, Plaintiff's operative pleading is the First Amended Petition, including the factual and legal allegations as stated in the original Petition.

### 3. Amount in Controversy

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. §1447(c). The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal

should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. §1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum . . . [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *St. Paul Mercury Indemnity Co. v. Red Cab Co*., 303 U.S. 283, 289 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995).

As the parties do not dispute that there is complete diversity,[6] the only issue with regard to diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a). The court will first consider whether it is facially apparent from the First Amended Petition, including the factual and legal allegations as stated in the original Petition, that the

---

[6] The plaintiff is a citizen of Louisiana. (R. Doc. 1 at 3). The defendants are citizens of Illinois, Georgia, New Jersey, and Texas (R. Doc. 1 at 3-4). The citizenship of the fictitious ABC Insurance Company is disregarded pursuant to 28 U.S.C. § 1441(b)(1).

plaintiffs' claims likely exceed $75,000. If not, the court will consider whether the defendants have set forth any facts in controversy supporting a finding of the jurisdictional minimum.

Plaintiff seeks to recover, in addition to attorneys' fees, costs, and legal interest, the following categories of damages:

> a) Damages and economic loss for the non-payment to petitioner of the shipping of the load of 41,700 lbs. of frozen chickens;
>
> b) Economic loss from the withholding of compensation Rouege Trucking, LLC earned for contract trucking services with C.H. Robinson to pay for the losses incurred by C.H. Robinson as a result of the spoilage of the loads of the frozen chickens at issue herein;
>
> c) Residual economic loss for the delay and failure of [AIG], Shawn Canales d/b/a B&D and/or Axis Insurance Services, LLC (E&O carrier for B&D) to acknowledge and pay the claim of Rouege Trucking, LLC; during the several months of delays, Rouege Trucking, LLC, was not permitted to ship additional loads as a trucking contract for C.H. Robinson;
>
> d) Economic losses, including but not limited to premium payments totaling approximately $111,194.05 for purported insurance coverage which may not have been provided to Rouege Trucking, LLC; and
>
> e) Any and all other residual economic losses and damages as a direct result of non-payment of Rouege Trucking, LLC's insurance claim.

(Petition, ¶ 13). Plaintiff calculated the alleged recoverable premium payments as follows: "$10,108.55 per month x 11 months, or $111,194.05." (Petition, ¶ 11).

The Petition is silent as to the value of damages and economic loss from the non-payment for the shipping of the chicken, the total amount owed Plaintiff but withheld by C.H. Robinson, or the amount of any other "residual economic losses and damages" resulting from the denial of Plaintiff's insurance claim.[7]

Based on a review of the operative pleadings, the amount in controversy is not facially apparent. Plaintiff's allegation that it is seeking $111,194.05 in premium payments is internally

---

[7] The Petition is also silent as to any alleged value of the 41,700 lbs. of frozen chickens spoiled by the lack of proper refrigeration. The value of the chicken, however, is not part of the damages alleged.

inconsistent with the "Notice of Acceptance" form attached and incorporated into the Petition. (R. Doc. 1-4 at 15, "Petition, Ex. P-3"). A written instrumented attached to a pleading an exhibit is a part of the pleading for all purposes. La. Code Civ. P. art. 853; Fed. R. Civ. P. Rule 10(c); *see also Jennings v. Prejean*, 44 So. 2d 325, 327-28 (La. 1950) ("It is elementary in the rules of pleading that where an exhibit in the form of some instrument or document is attached to a petition, the recitals or contents of the exhibit govern and control the allegation of the petition itself."). The Notice of Acceptance form provides that the annual (not monthly) premium owed is $10,108.55. (Petition, Ex. P-3). The Notice of Acceptance form also provides that of the $10,108.55 annual premium, $9,147.60 is toward a policy issued by Hallmark Specialty Insurance Company and only $960 is toward a policy issued to Chartis US Insurance Group – New Jersey. (Petition, Ex. P-3). The "Certificate of Liability Insurance" form submitted with the Petition makes it clear that the policy issued by Hallmark Specialty Insurance Company covers automobile liability and general damage to the vehicle, as opposed to the "cargo" insurance provided by the AIG policy. (R. Doc. 1-4 at 14, "Petition, Ex. P-2"). If the Plaintiff is seeking to recover 11 months of premiums paid on the AIG policy, that amount (according to the attachments to the Petition) would only amount to $880 and not the $111,194.05 referenced in the body of the Petition.

In addition to the internal consistencies in the Petition with regard to the amount of premium payments recoverable, the Petition does not provide any reasonable context by which the Court can measure recoverable economic losses and damages resulting from the spoiling of 41,700 lbs. of frozen chickens. Plaintiff does not provide the Court with any bearing on the value of the shipped chicken or the amount sought in its claim submitted to AIG. At most,

12

another document attached to the Petition supports a finding that Plaintiff suffered economic damages of $2,500 in withheld payments for the delivery. (R. Doc. 1-4 at 13).

Because the amount in controversy is not facially apparent, the Court will consider the summary judgment type evidence submitted by Axis to determine whether the amount in controversy has been satisfied. The only summary judgment type evidence provided by Axis is a form submitted by PFG AFI Food Service to C.H. Robinson Worldwide, Inc.[8] on April 18, 2013 seeking $66,912 for the loss and replacement of the 41,700 lbs. of frozen chickens at issue. Axis argues that based on this amount, and the premiums sought by Plaintiff, it has satisfied its burden of proving the amount in controversy is satisfied. (R. Doc. 14 at 13-14).

Axis claims that the amount sought by PFG AFI Food Service from C.H. Robinson Worldwide, Inc. is a relevant measure of the amount in controversy because "Plaintiff's alleged damages are based on the value of the spoiled load of chicken." (R. Doc. 32 at 3). In response, Plaintiff argues that the Petition it filed is not seeking recovery of the amount sought by PFG AFI Food Service from C.H. Robinson Worldwide, Inc. (*See* R. Doc. 21 at 4-5).

The Court agrees with Plaintiff. The Petition does not indicate the value of the spoiled chicken as a category of recoverable damages and Axis has provided nothing to reflect that Plaintiff is seeking recovery of this amount. Axis has not submitted copies of the AIG cargo insurance policy at issue or any claims correspondence demonstrating the amount of loss sought by Plaintiff from AIG. Similarly, Axis has not submitted any information regarding B&D's claims for E&O coverage. Instead, to support its position that the amount in controversy has been satisfied, Axis has only submitted a claim form evidencing the amount sought by PFG AFI Foodservice from C.H. Robinson Worldwide, Inc. for the spoiled chicken. Neither are parties to

---

[8] It is unclear whether this is the same business entity identified by Plaintiff in the Petition as "C.H. Robinson" or a related business entity.

this litigation. There is no indication in the record that Plaintiff made a claim under the AIG cargo insurance policy for the amount sought by PFG AFI Food Service from C.H. Robinson Worldwide, Inc. The claim form submitted by PFG AFI Foodservice merely evidences the amount sought by that entity from C.H. Robinson Worldwide, Inc., presumably pursuant to their contractual relationship.[9] It does not presumably measure the amount of damages sought and recoverable by Plaintiff from the defendant(s) in this case.

In the absence of evidence regarding the amount sought and covered under the AIG cargo insurance policy, the Court is left to speculate regarding the amount of "economic" damages potentially recoverable by Plaintiff. Based on the record, Axis has failed to prove, by a preponderance of the evidence, that the amount in controversy is satisfied.

### B. Motion for Sanctions

In the context of opposing Axis's motion for leave to file its sur-reply to the motion in remand, Plaintiff moved for Rule 11 sanctions against Axis. (R. Doc. 28). Rule 11 specifically provides that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). The present request for fees and costs fails to meet the procedural requirements of Rule 11(c)(2) because defendants failed to file a separate motion describing the specific conduct that allegedly violates Rule 11(b). Accordingly, the motion for Rule 11 sanctions should be denied. *See Richard v. Louisiana Industries for the Disabled*, No. 10-426, 2011 WL 1527586, at *3-4 (M.D. La. Apr. 20, 2011).

---

[9] It appears that the PFG AGI Foodservice claim includes the value of "replacement chicken" in addition to the 980 pallets of spoiled chicken. (R. Doc. 14-21).

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand (R. Doc. 11) should be granted and this matter remanded to the 19th Judicial District Court for the Parish of East Baton Rouge.

It is the further recommendation of the magistrate judge that the Plaintiff's Motion for Rule 11 Sanctions (R. Doc. 28) should be denied.

Signed in Baton Rouge, Louisiana, on December 11, 2014.

                                         **RICHARD L. BOURGEOIS, JR.**
                                         **UNITED STATES MAGISTRATE JUDGE**